**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

COLIN D. STEPHENS,

Plaintiff,

v. Case No. 8:26-cv-1145-KKM-CPT

SMARTGRID INTEGRATIONS, LLC et al.,

Defendants.

---

**ORDER**

On April 29, 2026, I dismissed Stephens's complaint as an impermissible shotgun pleading and provided him with leave to amend no later than May 13, 2026. *See* (Doc. 11). On April 30, 2026, the clerk mailed the order to Stephens's attorney, David Alvarez. On May 14, 2026, after Stephens failed to timely file an amended complaint or move for an extension of the deadline, my dismissal order "bec[ame] a final judgment." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) (citing *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132–33 (11th Cir. 1994)). Accordingly, I dismissed this action without prejudice and the clerk entered judgment on May 18, 2026. (Docs. 13, 14).

Stephens moves to vacate the judgment and reopen the case under Federal Rules of Civil Procedure 59(e) and 60(b). *See* Mot. (Doc. 17). Defendant

Smartgrid Integrations, LLC, responds in opposition. Resp. (Doc. 19). After receiving leave, Stephens replies. Reply (Doc. 22).

Stephens notes that the limitations period applicable to his claims has expired, thus the dismissal without prejudice operates as a dismissal with prejudice. *See* Mot. at 1. He avers that I should vacate the judgment and reopen the case based on the excusable neglect of his attorneys: David Alvarez, Robert Twombly, and Kristina Caballero of White & Twombly, P.A. *See id.* at 1–2, 8–9. For the reasons explained below, I agree.

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final judgment or order for various grounds, including for "excusable neglect." *See* FED. R. CIV. P. 60(b)(1). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.' " *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395). Courts must weigh the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

Stephens explains that Alvarez and Twombly originally represented him in state court and that, once Smartgrid removed to this Court, Alvarez and Twombly could not continue to handle his case because they are not admitted to practice in the Middle District of Florida. *See* Mot. at 2. White & Twombly, P.A., thus reassigned the case to Caballero, who is admitted. *See id.*

Shortly before removal to this Court, Alvarez moved to a new address. *See id.* at 2–3. Thus, the various notices and orders from the Court that were mailed to Alvarez did not reach him—including the dismissal of the original complaint. *See id.* Instead, Alvarez learned of the order after counsel for Smartgrid emailed copies of the filings in this action on or about April 30, 2026, and alerted Alvarez to the approaching deadline to file an amended complaint. *See id.* at 3.

In response to learning of the deadline, Alvarez informed counsel for Smartgrid on April 30, 2026, that Stephens intended to file an amended complaint. *See id.* Alvarez mistakenly believed that Caballero had appeared in the action at this time. *See id.* Stephens explains that Caballero misread an email between Alvarez and Smartgrid's counsel to mean "that the Amended

Complaint had already been drafted and prepped for filing prior to her substitution."[1] *Id.*

Further, upon receiving responsibility for Stephens's action, Caballero directed her legal assistant to calendar the deadlines in this action. *See id.* at 2. "Through a clerical oversight, that deadline was never entered." *Id.*

Twombly, who was once admitted to practice in the Middle District and who received emailed notifications of the orders in this case, is notably absent from Stephens's initial account of the errors. *See generally id.*; Resp. at 6–9 (pointing this out). In reply, Stephens explains that Twombly ceded primary responsibility for the case to Alvarez sometime after August 2025. Reply at 5.

Considering the *Pioneer Investment* factors, the actions (or inactions) of Alvarez, Caballero, and Twombly constitute excusable neglect and, on balance, the equities weigh in favor of granting the motion. There is little to no prejudice to Smartgrid, who has known since April 30, 2026, that Stephens intended to amend his complaint and prosecute his action in federal court. *See* Mot. at 3. Vacating the judgment and reopening the case will require Smartgrid to do the very thing it intended to do when it removed to this Court—defend the action. Although this case has taken a winding road to federal court, *see* Resp. at 4–6 (detailing lengthy issues serving Smartgrid while the action was in state

[1] The motion indicates that the email is attached as an exhibit. *See* Mot. at 3. Caballero appears to have forgotten to do so. *See generally id.*

court), the delay and impact on judicial proceedings here have been minimal. Stephens moved to vacate the judgment and reopen the case within a week of the dismissal order and only three days after the Clerk entered the judgment.

Although complying with the deadline to file an amended complaint was "obviously within [their] control," Stephens's attorneys' failure to do so "is attributable to negligence." *See Cheney*, 71 F.3d at 850. The miscommunication between Caballero and Alvarez left them confused as to which of them would attend to filing the amended complaint, and, separately, the deadline to do so was not properly calendared. *See id.* (describing a delayed finding caused by "a failure in communication between" the attorneys as amounting "only to an omission caused by carelessness" and as sufficient for excusable neglect); *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1200–1202 (11th Cir. 1999) (finding that clerical errors resulting in a failure to properly calendar a deadline may constitute excusable neglect). Further, although Smartgrid opposes the motion, even it appears to agree that Stephens's counsel did not intentionally attempt to delay the proceedings. *See* Resp. at 11.

Smartgrid argues that no lesser sanctions than denying the motion, in effect dismissing with prejudice, will suffice because "Plaintiff's counsel's record of how they will approach this case is already 520-days long," during which time "nothing to move the case forward has happened in a timely

manner." Resp. at 11. Stephens replies that lesser sanctions have not been tried and that it would be a mistake to "leapfrog directly to the most severe sanction" before attempting lesser sanctions such as a "monetary sanction[s]" or a "fee award." Reply at 6. I disagree with Smartgrid that "[t]here is no reason to believe that giving the Plaintiff one more chance will fix the problem," Resp. at 11, and impose the sanction of an award of fees upon Stephens's counsel for their neglect and the attendant costs to Smartgrid. No later than September 1, 2026, counsel for the parties shall confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred by Smartgrid in relation to Stephens's motion to vacate the judgment and reopen the case. If the parties cannot agree, Smartgrid may move for the amount sought, with proper supporting documentation, no later than September 15, 2026.

Accordingly, the following is **ORDERED**:

1. Stephens's Motion to Vacate the Judgment and Reopen the Case (Doc. 17) is **GRANTED.**
2. The Clerk is directed to **VACATE** the judgment (Doc. 14) and **REOPEN** the case.
3. No later than **September 1, 2026**, Stephens may file an amended complaint that remedies the pleading issues identified in this Court's previous order (Doc. 11).

4. No later than **September 1, 2026**, counsel for the parties shall confer and attempt to agree on the reasonable amount of attorney's fees and costs incurred by Smartgrid in relation to Stephens's motion to vacate the judgment and reopen the case. If the parties cannot agree, Smartgrid may move for the amount sought, with proper supporting documentation, no later than **September 15, 2026**.

**ORDERED** in Tampa, Florida, on August 17, 2026.

Kathryn Kimball Mizelle
United States District Judge